O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

REYLYND HODGE,                                    ) Case No. LA CV 16-2723 JCG
                                                  )
                          Plaintiff,              )  **MEMORANDUM OPINION AND**
                                                  )  **ORDER**
              v.                                  )
                                                  )
NANCY A. BERRYHILL[1], *Acting*                   )
*Commissioner of Social Security*,                )
                                                  )
                          Defendant.              )
                                                  )
                                                  )
_____             )

 

Reylynd Hodge ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly assessed his credibility. (*See* Joint Stip. at 4-12.) The Court addresses Plaintiff's contention below, and finds that reversal is not warranted.

As a rule, an ALJ can reject a claimant's subjective complaints by "expressing clear and convincing reasons for doing so." *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). "General findings are insufficient; rather, the ALJ

---

[1] The Court **DIRECTS** the Clerk of Court to update the case caption to reflect Nancy A. Berryhill as the proper Defendant. *See* Fed. R. Civ. P. 25(d).

1

must identify what testimony is not credible and what evidence undermines a claimant's complaints." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation and internal quotation marks omitted).

Here, the ALJ provided at least six valid reasons for finding Plaintiff "not entirely credible." (Administrative Record ("AR") at 23.)

First, Plaintiff was inconsistent about his condition.[2] (AR at 20, 23); *see Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (an ALJ may consider a variety of factors in weighing a claimant's believability, including ordinary techniques of credibility evaluation, prior inconsistent statements, and testimony by the claimant that "appears less than candid"); *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (inconsistency in claimant's statements demonstrated lack of candor that supported ALJ's negative conclusions about claimant's veracity). Notably, Plaintiff testified at the hearing that he suffered from back and knee pain for quite some time, and that this pain affected his ability to walk, sit, bend, kneel, and climb stairs, but his application, accompanying disability report, and function report, made no mention of knee and back pain. (AR at 20, 23, 47-48, 55, 234-42, 255, 276-91.)

Second, the medical record "fails to reveal that [Plaintiff] has sought any treatment for complaints of back and knee pain" and "contains no radiographic evidence of abnormalities of the knees or back." (AR at 20, 22, 89, 310-12, 324, 396-97, 430, 449, 479, 492, 501, 508, 511); *see Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001) (lack of objective evidence, when combined with other factors, is a valid reason for rejecting a claimant's testimony); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("The ALJ is permitted to consider lack of treatment in his credibility determination.").

---

[2] Plaintiff does not discuss this or many of the other reasons provided by the ALJ. *See Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (claimant waived issues not raised before the district court); *Owens v. Colvin*, 2014 WL 5602884, at *4 (C.D. Cal. Nov. 4, 2014) (claimant's failure to discuss, or even acknowledge, ALJ's reliance on certain reasons waived any challenge to those aspects of ALJ's credibility finding).

Third, the medical record: (1) showed a lack of mental health treatment since Plaintiff's application; (2) does not mention complaints of depression or other mental impairment; and (3) showed unremarkable examination findings.  (AR at 21, 23, 86-88, 279, 281, 404-07); *Rollins*, 261 F.3d at 856-57; *Burch*, 400 F.3d at 681.

Fourth, Plaintiff was not fully compliant with treatment.  (AR at 22, 24); *see Garcia v. Comm'r of Soc. Sec.*, 587 F. App'x 367, 370 (9th Cir. 2014) (credibility determination supported by substantial evidence in part because claimant was uncooperative with medical professionals and unwilling to comply with prescribed treatment); *Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012) (ALJ did not err by discounting claimant's testimony based on failure to follow prescribed treatment). Notably, Plaintiff's physical therapy was discontinued because of his poor attendance, and Plaintiff did not comply with the recommendation to use a sling.  (AR at 22, 24, 316, 367.)

Fifth, Plaintiff's medication treatment dropped from narcotic to non-steroidal anti-inflammatory ("NSAID"), to no prescribed medication, and Plaintiff did not testify that he requires the use of any potent medication to control his symptoms.  (AR at 22, 24); *see Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (ALJ properly rejected claimant's subjective complaints where medical records showed that she responded favorably to conservative treatment of physical therapy and medication); *Hernandez v. Astrue*, 2012 WL 4466580, at *9 (N.D. Cal. Sept. 26, 2012) (wrist splints worn at night and use of NSAID drugs is conservative treatment); *see also Lindquist v. Colvin*, 588 F. App'x 544, 547 (9th Cir. 2014) (ALJ properly discounted claimant's testimony in part because symptoms were controlled by medication).

Sixth, Plaintiff had significant gaps in treatment.  (AR at 24); *see Marsh v. Colvin*, 792 F.3d 1170, 1173 n.2 (9th Cir. 2015) (ALJ properly considered treatment gap in assessing claimant's credibility); *Burch*, 400 F.3d at 681 (ALJ properly relied on three- to four- month treatment gap in partially discrediting claimant's testimony).

Specifically, the ALJ noted that "despite allegations of debilitating pain, the medical record does not indicate that [Plaintiff] has sought any type of continuing treatment in nearly two years" or that "currently, [he] is under any type of pain management program." (AR at 22, 24, 41, 48.)

Thus, the ALJ properly discounted Plaintiff's credibility.[3]

Based on the foregoing, **IT IS ORDERED THAT** judgment shall be entered **AFFIRMING** the decision of the Commissioner denying benefits.

DATED:  April 02, 2018

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication.  Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*

---

[3]    The Court notes that counsel for Plaintiff accuses the ALJ of using "boilerplate" language in the decision (Joint Stip. at 7-8), but at the same time presents boilerplate briefing in the Joint Stipulation used in other cases, at times without bothering to change names and gender.  (*See, e.g.*, *id.* at 5 (referring to Plaintiff Hodge as "Mr. Salazar"), 9 (referring to Plaintiff as "Suarez" and ALJ Edward J. Schneeberger as "she"), 12 (referring to Plaintiff as "she")); *see Kumar v. Berryhill*, 2017 WL 6028701, at *1 n.2 (C.D. Cal. Dec. 5, 2017) (notation by this Court that "[p]art of [p]laintiff's portion of the Joint Stipulation discusses another claimant . . . [and that] counsel appears to have erroneously copied and pasted briefing from a Joint Stipulation in another case); *Suarez v. Berryhill*, 2017 WL 5905459, at *1 n.2 (C.D. Cal. Nov. 30, 2017) (notation by this Court that counsel appeared to have copied and pasted argument from a Joint Stipulation in another case before the Court); *Phillips v. Colvin*, 2016 WL 2758250, at *5 (C.D. Cal. May 12, 2016) (discussing copy-and-paste errors, and use of boilerplate argument, in Counsel's filings); *Hampton v. Colvin*, 2015 WL 1884313, at *5-6 (N.D. Cal. Apr. 23, 2015) (same).